UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| AHMED MOHAMMED AL-HAJ, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | |
| | | Civil Action No. 15-12805-LTS |
| FEDERAL BUREAU OF PRISONS, et al., | | |
| Defendants. | | |

MEMORANDUM AND ORDER

February 16, 2016

SOROKIN, D.J.

For the reasons set forth below, the Court orders that (1) the United States be added as a defendant; (2) a summons issue as to the United States; and (3) the plaintiff complete service on the United States within 60 days of the date of this order. The Court also orders that the Federal Bureau of Prisons and claims against individual defendants acting in their official capacities be dismissed. Finally, the Court denies without prejudice the plaintiff's motion for service by the United States Marshals Service and his motions for appointment of counsel.

I.  BACKGROUND

Ahmed Mohammed Al-Haj, who is incarcerated at FCI Fairton in New Jersey, brings this action under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) in regards to his contraction of tuberculosis ("TB") and lack of treatment therefore. He brings this action against the Federal Bureau of Prisons ("BOP") and the superintendents, clinical directors, and medical personnel of FMC Devens and FCI Fairton. He asserts claims against the individual defendants acting in their individual and official capacities.

According to the plaintiff, he contracted TB in 2011 while at FMC Devens . Al-Haj asserts that he contracted TB because of the defendants' failure to adequately screen prison employees and inmates for TB and to institute safeguards to prevent the transmission of the

disease.  The plaintiff further alleges that, although the defendants acknowledged in August 2012 that he had TB, he did not receive any treatment for his condition until he was transferred from FMC Devens to FCI Fairton in December 2012.  Al-Haj seeks $5,000,000 in damages; he does not request injunctive relief.

The plaintiff filed this action in the United States District Court for the District of Columbia.  He sought leave to proceed in forma pauperis.  The court issued an order requiring him to submit a six-month prison account statement.  Instead of providing this information, the plaintiff paid the filing fee.  Prior to the issuance of summonses, the case was transferred to the District of Massachusetts.  Summonses issued as to all defendants.  The plaintiff has not completed service but he has filed a motion for service by the United States Marshals Service or by a special process server.  He also filed two motions for appointment of counsel.

II.     DISCUSSION

    A.     The Court's Authority to Screen the Complaint

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.  This statute authorizes a federal district court to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

    B.     Sovereign Immunity:  Claims Against the Federal Bureau of Prisons and Individual Defendants Acting in Their Official Capacities

Under the doctrine of sovereign immunity, the United States (including its various branches, departments, agencies, and federal official acting in their official capacities) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994); McCloskey v. Mueller, 446 F.3d 262, 271–72 (1st Cir.2006).  A waiver of sovereign immunity must be expressly and unequivocally found in the

statutory text and cannot be implied.  See Lane v. Pena, 518 U.S. 187, 192 (1996).

By passing the Federal Tort Claims Act ("FTCA"), Congress waived the sovereign immunity of the United States for certain tort claims for monetary damages.  See 28 U.S.C. §§ 1346(b), 2671-2680; Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006).[1]  However, the United States is the only proper defendant in an action under the FTCA.  See 28 U.S.C. §§ 1346(b), 2674, 2679; McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006).
Although the plaintiff properly filed his administrative claim with the Federal Bureau of Prisons, see id.; see also 28 C.F.R. § 14.2(b)(1) (for purposes of filing an administrative claim under the FTCA, the appropriate federal agency is the agency "whose activities gave rise to the claim"), a litigant bringing a subsequent action under the FTCA in federal court must assert such claim against the United States.  The FTCA's waiver of sovereign immunity does not permit the lawsuit to be brought against the federal agency to which the administrative claim was directed.

Rather than require the plaintiff to file an amended complaint to remedy his failure to name the United States as a defendant, the Court will order that the United States be substituted for the BOP as a defendant in regards to Al-Haj's claim under the FTCA.

With the exception of a claim against the United States under the FTCA, Al-Haj has not brought any claims against the BOP or the individual defendants acting their official capacities for which the United States has waived its sovereign immunity.  A Bivens claim does not sound against the United States, its agencies, or its officers acting in their official capacities.  See McCloskey v. Mueller, 446 F.3d 262, 271-72 (1st Cir.2006).  Accordingly, the Court will

---

[1]With some exceptions, the FTCA provides a right of action against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

dismiss the BOP as a defendant and the official capacity claims against the defendants.

        C.      Claims Against the Individual Defendants Acting in Their Individual Capacities

The summons previously issued against the individual defendants shall be withdrawn because Al-Haj has failed to state a claim upon which relief may be granted against any of them.

To state a claim upon which relief may be granted, the complaint must, at a minimum, include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

In the context of a Bivens claim, a plaintiff must allege specific facts from which the Court may reasonably infer that each individual defendant was directly involved the alleged deprivation of constitutional rights--"respondeat superior is not a viable theory of Bivens liability." Ruiz Rivera v. Riley, 209 F.3 24, 28 (1st Cir. 2000).

Here, Al-Haj has not identified the specific misconduct of any of the individual defendants that allegedly violated his Eighth Amendment right to receive adequate medical care

or otherwise be free from cruel and unusual punishment. His conclusory allegations that all of the defendants are liable under Bivens do not meet Rule 8(a) pleading requirement and therefore cannot be credited by the Court.

Should Al-Haj choose to pursue Bivens claims again the individual defendants, he may amend the complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure. The Court notes that he cannot maintain a Bivens claim against a commissioned officer or employee of the federal Public Health Service; a claim against the United States under the FTCA is the only remedy for the alleged misconduct of such individuals. See 42 U.S.C. § 233(a); Hui v. Casteneda, 559 U.S. 799 (2010). Medical professionals providing services in federal prisons are sometimes officers or employees of the federal Public Health Service. See, e.g., Rowley v. Patterson, C.A. No. 14-03268, 2016 WL 126280 (D. Colo. Jan. 12, 2016) (plaintiff could not bring Bivens claim against a prison nurse who was a Public Health Services); Millbrook v. United States, 8 F. Supp. 3d 601, 608-609 (M.D. Pa. 2014) (same, physician's assistant at a federal prison); Mann v. Harvey, 999 F. Supp. 2d. 1087 (N.D. Ill. 2013) (same, clinical director of a federal prison).

   D. Motion for Service by the United States Marshals Service

Al-Haj asks that service of summons be completed by the United States Marshals Service or by someone else specifically appointed for such purpose. Although the Court must grant such relief where a party is proceeding in forma pauperis, see Fed. R. Civ. P. 4(c)(3), Al-Haj does not have indigent status in this case. He paid the filing fee and the Court does not have any information about his financial status. Accordingly, the motion is denied without prejudice.

Further, the only party who needs to be served in this action is the United States, which may be served by registered or certified mail. See Fed. R.Civ. P. 4(i)(1). This method of service is considerably easier to effect than service on an individual. Al-Haj may ask any person who is at least 18 years of age and not a party to this action, see Fed. R. Civ. P. 4(c)(2) to send the summons, complaint, and a copy of this order to the United States Attorney for the District of

Massachusetts, the Attorney General of the United States, and the Federal Bureau of Prisons by registered or certified mail.  This person should prepare a document providing proof of service on the United States Attorney for the District of Massachusetts, the Attorney General of the United States, and the Federal Bureau of Prisons.  The person completing service may use the second page of the summons for this purpose or may prepare another document setting forth the manner and date in which service was completed and signing the document under the penalty of service.

Service of the summons, complaint, and a copy of this order must be completed within 60 days of the date of this order.

E.      Motions for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.

As noted above, Al-Haj is not proceeding in forma pauperis and the Court does not have any specific information about his financial resources other than his representation that he cannot afford counsel.  Further, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel because the United States has not yet been served with or responded to the complaint.  Accordingly, the motions are denied without prejudice.

III.    CONCLUSION

    1.    The United States shall be substituted for the Federal Bureau of Prisons as a defendant.

    2.    All claims against the Federal Bureau of Prisons and the individual defendants acting in their official capacities are dismissed on the ground of sovereign immunity. The Federal Bureau of Prisons shall be terminated as a party to this action.

    3.    A summons shall issue as to the United States and this action shall go forward as to the plaintiff's claim under the Federal Tort Claims Act.

    4.    The plaintiff is responsible for serving the summons, complaint, and this order on the United States within 60 days of the date of this order. Failure to comply with this deadline may result in dismissal of the action.

    5.    The summonses previously issued as to the individual defendants are withdrawn.

    6.    The motion for service by the United States Marshals Service or for appointment of a special process server (#9) is denied without prejudice.

    7.    The motions for appointment of counsel (#10, #12) are denied without prejudice.

SO ORDERED.

    /s/ Leo T. Sorokin
    UNITED STATES DISTRICT JUDGE